IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WILLIAMS, | : | CIVIL ACTION NO. 1:13-CV-2140 |
| Petitioner | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL WENEROWICZ, et al, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On August 13, 2013, Petitioner Larry Williams, an inmate at the State Correctional Institution at Graterford ("SCI-Graterford"), in Graterford, Pennsylvania, filed, *pro se*, this action stating that it was brought pursuant to 28 U.S.C. § 2254. (Doc. 1) Also, on August 13, 2013, Petitioner filed a Motion to proceed *In Forma Pauperis*. (Doc. 2).[1] Petitioner's Habeas Petition is incomplete insofar as Petitioner has only responded to questions 1 through 11 contained on pages 1-4 of the form Complaint he filed. (*See* Doc. 1). Importantly, Petitioner has failed to inform the Court upon which grounds he is seeking habeas relief by responding to the corresponding questions contained in the form Complaint on pages 6-10. (*Id.*). As relief requested, Petitioner seeks "[r]eversal of the Pennsylvania Supreme Court's decision, and the sentence that was given to Petitioner rescinded." Petitioner names as a Respondents Superintendent Wenerowicz at SCI-Graterford, and the Pennsylvania Attorney General.

---

[1] The Court notes that Petitioner had a prior § 1983 action with this Court, to wit: *Williams v. Lightcap, et al.* No. 07-CV-0637.

We have not yet issued a Show Cause Order and directed Respondents to respond to the habeas petition. We now give preliminary consideration to the habeas petition pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254.[2]

In his habeas petition, Petitioner indicates that after he pled not guilty, he was convicted by a jury on February 15, 2005, in the Court of Common Pleas of Luzerne County. (Doc. 1, p. 2). Petitioner states that on February 19, 2005, he received a prison sentence of a minimum of 2½ to a maximum of 5 years for aggravated assault and simple assault. (*Id.*).

Petitioner further indicates that he appealed to the Pennsylvania Superior Court for ineffective assistance of counsel and the conviction was affirmed on September 28, 2008. (*Id.*, p. 3). Petitioner further states that allocatur was denied on November 26, 2012 by the Supreme Court of Pennsylvania. (*Id.*).

On January 24, 2006, Petitioner filed a Post Conviction Relief Act ("PCRA") Petition according to Petitioner on the grounds "[d]id the PCRA Court correctly deny a petition in which all the claims had been previously litigated?" (*Id.*, p. 5). On November 27, 2007, the trial court dismissed the petition. (*Id.*). Petitioner does not include the entire procedural history of his case in his incomplete Petition, thus we have referred to the Unified Judicial System of Pennsylvania for the Petitioner's Court of Common Pleas of Luzerne County Criminal Docket, Docket Number CP-

---

[2] Rule 4 provides in relevant part: "If it plainly appears from the petition and any attached exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

40-CR-0002033-2004 (the "CCP Docket"), for further procedural history. On December 24, 2007, Petitioner appealed the dismissal of his PCRA to the Pennsylvania Superior Court. (CCP Docket, p. 10). The Docket also indicates that Petitioner appealed to the Pennsylvania Superior Court on October 2, 2008. (*Id.*, p. 11). On April 21, 2010, the Pennsylvania Superior Court affirmed the Judgment of Sentence. (*Id.*, p. 12). On April 22, 2010, the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal. (*Id.*). On August 25, 2010, Petitioner filed a second PCRA Petition. (*Id.*). On December 10, 2010, Petitioner again appealed to the Pennsylvania Superior Court. (*Id.*, p. 13). On December 22, 2010, the Court of Common Pleas of Luzerne County denied the second PCRA Petition. (*Id.*). On October 21, 2011, the Pennsylvania Superior Court affirmed the denial of the second PCRA Petition. (*Id.*, p. 14). On November 26, 2012, the Supreme Court of Pennsylvania denied the Petition for Leave to File PAA Nunc Pro Tunc. (*Id.*).[3]

**II. Discussion.**

As stated, Plaintiff's Habeas Petition is incomplete at best. Petitioner has failed to inform the Court upon which grounds he is seeking habeas relief by responding to the corresponding questions contained in the form Complaint on pages 6-10. (Doc. 1). Petitioner filled out the form Complaint

---

[3] We do not decide if Petitioner's habeas petition was untimely filed regarding his challenge to his February 19, 2005 Luzerne County Court judgment of sentence. Section 2244(d)(1)(A) provides that the limitation period in this matter began to run on "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The amended provisions of 28 U.S.C. §2244(d)(1) impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998). Additionally, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

through Question 11 on page 4 and failed to complete the applicable questions on pages 5-14. Thus, we are unable to discern the grounds upon which Petitioner is seeking habeas review. Furthermore, Petitioner's Petition is incomplete and does not provide the Court with the information needed in order to ascertain whether Petitioner has exhausted his available state-court remedies on each ground upon which he is seeking relief. Thus, we will recommend that, to the extent that Plaintiff raises any habeas claims in this action, they be dismissed without prejudice to allow the Plaintiff to file a complete §2254 habeas petition at a later date with the specific grounds upon which he is seeking habeas relief specified.

**III. Recommendation.**

Based on the above, it is respectfully recommended that the Petitioner's Habeas Petition be dismissed without prejudice.

> **s/ Thomas M. Blewitt**
> **THOMAS M. BLEWITT**
> **United States Magistrate Judge**

**Dated: September 5, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WILLIAMS, | : | CIVIL ACTION NO. 1:13-CV-2140 |
| Petitioner | : | (Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL WENEROWICZ, et al, | : | |
| Defendants | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **September 5, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                                                  s/ Thomas M. Blewitt
                                                                  **THOMAS M. BLEWITT**
                                                                  **United States Magistrate Judge**

**Dated: September 5, 2013**