IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WILLIAMS, | : | CIVIL ACTION NO. 1:13-CV-2140 |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| MICHAEL WENEROWICZ, et al, | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

## I. Background.

On August 13, 2013, Petitioner Larry Williams, an inmate at the State Correctional Institution at Graterford ("SCI-Graterford), in Graterford, Pennsylvania, filed, *pro se*, this action stating that it was brought pursuant to 28 U.S.C. § 2254. (Doc. 1). Also, on August 13, 2013, Petitioner filed a Motion to proceed *In Forma Pauperis.* (Doc. 2). On September 5, 2013, Magistrate Judge Thomas M. Blewitt, now retired, filed a Report and Recommendation recommending that Petitioner's Habeas Petition be dismissed without prejudice. (Doc. 4). On October 8, 2013, the Court adopted Judge Blewitt's Report and Recommendation. (Doc. 5). On December 12, 2013, Petitioner filed an Amended Petition for Writ of Habeas Corpus.[1] (Doc. 6). After extensions of time were granted,

---

[1]Petitioner was issued a *Miller/Mason* Notice of Election. On June 23, 2014, Petitioner elected to have the court rule on the petition as filed. (Doc. 15).

on July 28, 2014, Respondents filed a Response to the Petition for Writ of Habeas Corpus. (Doc. 20). On November 3, 2014, Petitioner filed a Traverse. (Doc. 28).

In his habeas petition, Petitioner indicates that after he pled not guilty, he was convicted by a jury of simple assault and aggravated assault on April 19, 2005, in the Court of Common Pleas of Luzerne County. (Doc. 6, p. 1). Petitioner states that on February 19, 2005, he received a prison sentence of a minimum of 27 months to 60 months. (*Id.*).

Petitioner further indicates that he appealed to the Pennsylvania Superior Court for ineffective assistance of counsel: 1) failing to file a direct appeal; and 2) failing to adequately investigate Petitioner's mental health impairment impacting his competence for trial and sentencing. The conviction was affirmed on August 15, 2005. (*Id.*, p. 2). Petitioner further states that he did not appeal to the Supreme Court of Pennsylvania. (*Id.*).

On January 24, 2006, Petitioner filed a Post Conviction Relief Act ("PCRA") Petition on the same ineffective assistance of counsel claims as he filed in the Superior Court. (*Id.*, p. 3). On November 27, 2007, the trial court dismissed the petition. (*Id.*). Petitioner does not include the entire procedural history of his case in his Petition, thus we have referred to the Unified Judicial System of Pennsylvania for the Petitioner's Court of Common Pleas of Luzerne County Criminal Docket, Docket Number CP-40-

CR-0002033-2004 (the "CCP Docket"), for further procedural history and confirmation of the correct dates.  On December 24, 2007, Petitioner appealed the dismissal of his PCRA to the Pennsylvania Superior Court.  (CCP Docket, p. 10).  The grounds for his ineffective assistance of counsel claims were: 1) failing to adequately investigate Petitioner's psychiatric history; 2) failing to present mitigating evidence at sentencing relating to his psychiatric history; 3) failing to file a motion regarding Petitioner's competence and seeking dismissal because of Petitioner's psychiatric condition; and 4) failing to object to the issue of self defense/justification.

Petitioner again appealed to the Pennsylvania Superior Court on October 2, 2008. (*Id.*, p. 11).  On April 21, 2010, the Pennsylvania Superior Court affirmed the Judgment of Sentence.  (*Id.*, p. 12).  On April 22, 2010, the Supreme Court of Pennsylvania denied the Petition for Allowance of Appeal.  (*Id.*).  On August 25, 2010, Petitioner filed a second PCRA Petition.  (*Id.*).  On December 7, 2010, Petitioner next appealed to the Pennsylvania Superior Court.  (*Id.*, p. 13).  On December 22, 2010, the Court of Common Pleas of Luzerne County denied the second PCRA Petition. (*Id.*).  On October 21, 2011, the Pennsylvania Superior Court affirmed the denial of the second PCRA

Petition. (*Id.*, p. 14).  On December 21, 2012, the Supreme Court of Pennsylvania denied the Petition for Leave to File PAA Nunc Pro Tunc.  (*Id.*).[2]

## II. Claims of Habeas Petition.

In his October 3, 2012 Habeas Petition, Petitioner raises the following grounds:

GROUND ONE: APPELLANT [PETITIONER] WAS DENIED FFECTIVE[SIC] ASSISTANCE OF COUNSEL IN THAT PRIOR COUNSEL FAILED TO ADEQUATELY INVESTIGATE APPELLANT'S MENTAL HEALTH IMPAIRMENT, AS WELL AS THE NUMEROUS PSYCHIATRIC DRUGS HE WAS ON, AND THEIR IMPACT ON HIS COMPETENCE TO PROCEED AND THEIR MITIGATING ROLE REGARDING SENTENCING, AND IN FAILING TO OBJECT TO THE TRIAL COURT'S ERRONEOUS INSTRUCTION TO THE JURY REGARDING SELF DEFENSE.

GROUND TWO: THE TRIAL COURT ERRED IN ITS INSTRUCTION TO THE JURY CONCERNING SELF DEFENSE, IN THAT THE COURT MISSTATED THE LAW, AND MISDIRECTED THE JURY IN SUGGESTING THAT THE LAWFUL ACTIONS OF THE ALLEGED

---

[2] Section 2244(d)(1)(A) provides that the limitation period in this matter began to run on "the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The amended provisions of 28 U.S.C.  §2244(d)(1) impose a one-year statute of limitations for § 2254 habeas petitions. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).  Additionally, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

VICTIMS DIMINISHED OR NEGATED THE [SELF-DEFENSE] CLAIM.

GROUND THREE:    THE TRIAL COURT ERRED IN FAILING TO FIND APPELLANT INCOMPETENT TO STAND TRIAL AND IN FURTHER FAILING TO ALLOW DEVELOPMENT OF A RECORD AT THE [PCRA] STAGE CONCERNING APPELLANT'S MENTAL STATUS.

GROUND FOUR:    THE PENNSYLVANIA SUPREME COURT ERRED IN DENYING REVIEW OF SUPERIOR COURT'S ERROR IN AFFIRMING THE TRIAL COUNSEL'S FINDING THAT PRIOR COUNSEL WAS NOT UNCONSTITUTIONALLY INEFFECTIVE IN FAILING TO ADEQUATELY INVESTIGATE PETITIONER'S MENTAL CONDITION AND THE IMPACT THIS (AND THE OTHER NUMEROUS PSYCHIATRIC DRUGS PETITIONER WAS TAKING AT THE TIME OF THE INCIDENT IN QUESTION) HAD ON HIS COMPETENCE TO PROCEED TO TRIAL SINCE THE FAILURE OF PRIOR COUNSEL WAS NOT REASONABLE UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE, WHERE COUNSEL HAD FILED A MOTION TO DISMISS BASED ON PETITIONER'S "SEVERE MENTAL DISABILITY' WHICH PREVENTED HIM FROM BEING "HELD CRIMINALLY RESPONSIBLE" BUT THEN FAILED TO SEEK EXPERT PSYCHIATRIC OR PSYCHOLOGICAL ASSISTANCE TO PURSUE THIS CLAIM BECAUSE COUNSEL DID NOT BELIEVE PETITIONER'S MENTAL HEALTH WAS AN "ISSUE" IN THIS CASE.

(Doc. 6, pp. 13-18).

**III. Standard of Review.**

Review of the Petitioner's claim is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. §2254.  A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'"  *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts.  The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt.  *Felkner v. Jackson*, 562 U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceeding unless the adjudication of

the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same); *Rainey v. Varner*, 603 F.3d 189 (3d Cir. 2010).   A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (*en banc*). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps.  First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888  (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)).  Then, if the court determines that the state court's decision was

not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003).

## IV. Discussion.

GROUND ONE:      APPELLANT [PETITIONER] WAS DENIED FFECTIVE[SIC] ASSISTANCE OF COUNSEL IN THAT PRIOR COUNSEL FAILED TO ADEQUATELY INVESTIGATE APPELLANT'S MENTAL HEALTH IMPAIRMENT, AS WELL AS THE NUMEROUS PSYCHIATRIC DRUGS HE WAS ON, AND THEIR IMPACT ON HIS COMPETENCE TO PROCEED AND THEIR MITIGATING ROLE REGARDING SENTENCING, AND IN FAILING TO OBJECT TO THE TRIAL COURT'S ERRONEOUS INSTRUCTION TO THE JURY REGARDING SELF DEFENSE.

GROUND THREE:    THE TRIAL COURT ERRED IN FAILING TO FIND APPELLANT INCOMPETENT TO STAND TRIAL AND IN FURTHER FAILING TO ALLOW DEVELOPMENT OF A RECORD

AT THE [PCRA] STAGE CONCERNING APPELLANT'S MENTAL STATUS.

A claim of ineffective assistance is governed by the two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984): "Under *Strickland*, a habeas petitioner must demonstrate that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result would have been different." *Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (citing *Strickland v. Washington*, 466 U.S. at 687 (1984), 104 S.Ct. at 2052). The first prong is established by a showing that the trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id.* In order to prove that trial counsel was deficient, the Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the sixth amendment." *Id.* at 686. The court must be highly deferential in favor of trial counsel when evaluating counsel's performance. *Id*. It is well established that counsel cannot be ineffective for failing to raise a meritless claim. *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999); *Peroza-Benitez v. Lawler*, 2011 WL 744762, *3 (E.D. Pa. 2-9-11)("to establish a claim of ineffective assistance of counsel, Petitioner must show both deficient performance and prejudice.")(citations omitted).

9

The Court in *Grant v. Wilson,* 2009 WL 222945, *6 (W.D. Pa. 1-29-09), stated:

> Because the *Strickland* test is one of objective reasonableness, it does not matter if counsel actually considered the course taken or foregone to determine whether the actions or omissions were objectively reasonable; so long as a hypothetical reasonable attorney could have done the same, there is no ineffectiveness. *Chandler v. United States,* 218 F.3d 1305, 1316 n. 16 (11th Cir.2000). In light of the strong presumption of counsel's effectiveness and the objective reasonableness standard, the Court of Appeals for the Third Circuit has explained, "[i]t is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." *United States v. Kauffman,* 109 F.3d 186, 190 (3d Cir.1997) (*quoting United States v. Gray,* 878 F.2d 702, 711 (3d Cir. 1989)).

The second prong requires the Petitioner to show that the deficient performance prejudiced the defense to the extent that the Petitioner was deprived of a fair trial. *Strickland*, 466 U.S. at 687. In *Peroza-Benitez v. Lawler*, 2011 WL 744762 , *3-*4, the Court stated:

The United States Supreme Court explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

*Harrington v. Richter,* 562 U.S. 86, 87-88, 131 S.Ct., 770, 777-78, 178 L.Ed.2d 624, ---- ---- (2011) (citations omitted).

Furthermore, a person claiming ineffective counsel has the burden of proving that he or she was prejudiced by the deficient performance of counsel. *Roe v. Flores-Ortega,* 528 U.S. 470, 476-77 (2000). Prejudice can be demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

As the *Grant* Court, 2009 WL 222945, *6, pointed out:

> In addition, in undertaking a prejudice analysis, the Court properly considers the strength of the evidence against the defendant because "... a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Buehl v. Vaughn,* 166 F.3d 163, 172 (3d Cir.1999). The *Strickland* test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. *See Strickland,* 466 U.S. at 687; *Dooley v. Petsock,* 816 F.2d 885, 889 (3d Cir.1987). As a result, if a petitioner fails on either prong, he loses. *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir.2000); *Foster v. Ward,* 182 F.3d 1177, 1184 (10th Cir.1999).

The *Grant* Court further stated:

> "Th[e] Pennsylvania [ineffective assistance of counsel] standard has been found to be materially identical to the test enunciated in *Strickland v. Werts,* 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" *Strickland,* and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of *Strickland* to [petitioner's] ineffectiveness claim was objectively

> unreasonable, *i.e.*, the state court decision, evaluated objectively
> and on the merits, resulted in an outcome that cannot reasonably be
> justified under *Strickland."*

*Grant*,  2009 WL 222945, *8 *(citing Werts,* 228 F.3d at 204).

The Superior Court of Pennsylvania, in its April 19, 2005 decision affirming the

trial court's judgment of sentence, entered after a jury trial, stated that Petitioner's

allegations of ineffectiveness of trial counsel were analyzed as follows:

> The law presumes counsel has rendered effective assistance.
> *Commonwealth v. Gonzalez*, 858 A.2 1219, 1222 (Pa. Super. 2004),
> *appeal denied*, 582 Pa. 695, 871 A.2d 189 (2005).  To establish a
> claim of ineffective assistance of counsel, Appellant must
> demonstrate:
>
>> (1) the underlying claim is of arguable merit; (2) counsel's
>> course of conduct was without reasonable basis designed to
>> effectuate his client's interest; and (3) [the petitioner] was
>> prejudiced by counsel's ineffectiveness, *i.e.* that there is a
>> reasonable probability that but for the act or omission in
>> question, the outcome of the proceeding would have been
>> different.
>
> *Commonwealth v. Brooks*, 576 Pa. 332, 336, 839 A.2d 245, 248
> (2003)(internal citations omitted).  The failure to satisfy any prong
> of the test will cause the claim to fail.  *Commonwealth v. Rush*, 576
> Pa. 3, 838 A.2d 651 (2003).

*(Comm. of PA v. Williams*, No. 1791 MDA 2008, pp. 7-9).

We find that since the Pennsylvania Superior Court decided Petitioner's

ineffective assistance of trial counsel claims under standards that are basically the same

12

as the *Strickland* standard, the Court should "apply the deferential standard of 28 U.S.C. § 2254(d), which requires that a habeas petitioner demonstrate that the State Court's adjudication of the federal claim resulted in a decision that was contrary to Supreme Court precedents or an unreasonable application of federal law." *Grant*, 2009 WL 222945, *8.

The Superior Court, in regard to Petitioner's Ground One and Ground Three competence claims[3] alleging Petitioner's mental health impairment and incompetence to stand trial, opined:

> A defendant is presumed to be competent to stand trial. *Commonwealth v. duPont*, 545 Pa. 564, 681 A.2d 1328 (1996). The burden in on the defendant to prove by a preponderance of the evidence that he is incompetent to stand trial. *Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215 (2007). To prove incompetence to stand trial, the defendant must show that he suffered from a mental illness or defect such that he did not have the ability "to consult with counsel with a reasonable degree of rational understanding," and did not have a "rational as well as factual understanding of the proceedings." *Commonwealth v. Appel*, 547 Pa. 171, 188, 689 A.2d 891, 899 (1997). *See also* 50 P.S. § 7402 (defining incompetency where defendant is "found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense") "Competency to stand trial pertains to the time of the trial or other legal proceedings, while sanity concerns the

---

[3] We examine Petitioner's Ground One and Ground Three claims together. The Superior Court of Pennsylvania organized Petitioner's arguments into two main contentions: Petitioner's competency to stand trial and Petitioner's challenge to the jury instruction on self-defense. *(See Comm. of PA v. Williams*, No. 1791 MDA 2008, p. 6). Thus, we will address Petitioner's claims in the same manner for the purposes of disposition.

time of the commission of the offense." *Appel, supra* at 188 n.8, 689 A.2d at 899 n. 8.

*(Comm. of PA v. Williams*, No. 1791 MDA 2008, p. 10).

The Superior Court pointed to the testimony taken by the trial court as follows:

A hearing on [Appellant's] claim of ineffectiveness was held on December 7, 2006. The record is clear that trial counsel reviewed [Appellant's] psychiatric records obtained from the State Correctional Institute at Dallas. In addition, it is clear that trial counsel did not consult with an expert to test [Appellant's] competence because counsel did not feel that it was an issue in the case. Nor did counsel present any evidence regarding [Appellant's] psychiatric health or mental health prior to the imposition of sentencing. Thus, we find that trial counsel was not ineffective for failing to investigate, discover and present any evidence of mental illness. Here, according to trial counsel, [Appellant] demonstrated clarity of thought and intelligence and otherwise gave no indication prior to or at the time of trial that he suffered from a serious mental illness. In fact [Appellant] communicated with counsel about his defense and gave him instructions as to how he wanted counsel to proceed. Counsel further testified that [Appellant] was "fairly intelligent" and "made a lot of sense in what he was requesting me to do." Accordingly, we find [Appellant's] claim of ineffective assistance of counsel with regard to [Appellant's] alleged psychiatric history and issues of alleged incompetence [are also] without merit.

***

[I]ncluded in our review of the file and submissions of counsel at the time of the PCRA hearing, we reviewed the plethora of information relating to [Appellant's] alleged psychiatric impairment. Much of the information consisted of medication(s) [Appellant] took as well as the side effects. However, at trial [Appellant] testified at length regarding the facts of the incident as he perceived them. He showed no signs of mental illness and gave no indication at the time of his trial that he suffered from a mental illness. [Appellant's] trial counsel cannot be

ineffective for failing to investigate, discover and present evidence of mental illness

(Trial Court opinion, filed November 17, 2008, at 4-5) (internal citations omitted).

The Superior Court accepted the trial court's analysis of Petitioner's competence claims.  Petitioner's trial counsel raised the issue of Petitioner's mental disability in a pre-trial motion to dismiss arguing that  Petitioner attacked the prison guard because Petitioner was being treated for psychiatric problems and taking psychiatric medicine. The trial court denied the motion to dismiss.  At Petitioner's trial, the case was presented as one of self-defense.  Petitioner testified on his  own behalf at trial providing the accurate testimony about the reasons for his placement in the psychiatric observation unit and the security policies in the unit.  Petitioner described the events leading up to the assault, a detailed description of the incident and named each security guard in Petitioner's room at the time of the assault.

At the PCRA evidentiary hearing, trial counsel testified that Petitioner provided counsel with rational instructions on how to proceed at trial, the nature of the charges against him and the planned defense by counsel.  The Superior Court opined that the record demonstrated that Petitioner was able to consult with counsel with a reasonable degree of rational understanding, and the Petitioner rationally and factually understood the proceedings. *See* 50 P.S. § 7402; *Commonwealth v. Appel*, 547 Pa. 171, 188, 689

A.2d 891, 899 (1997). The Court further opined that the Petitioner failed to demonstrate how trial counsel's failure to present Petitioner's psychiatric problems at sentencing prejudiced Petitioner. *See Commonwealth v. Rush*, 576 Pa. 3, 838 A.2d 651 (2003). *See also Commonwealth v. Santiago*, 579 Pa. 46, 71, 855 A.2d 682, 697 (2004). The Superior Court decided that Petitioner's competency issues lack arguable merit.

We agree with the Superior Court and we find that the Superior Court's decision is not contrary to Supreme Court precedents or unreasonable application of Federal law. We find that Petitioner's Ground One and Ground Three claims alleging both ineffective assistance of counsel and trial court error regarding Petitioner's competence are meritless.

> GROUND TWO:   THE TRIAL COURT ERRED IN ITS INSTRUCTION TO THE JURY CONCERNING SELF DEFENSE, IN THAT THE COURT MISSTATED THE LAW, AND MISDIRECTED THE JURY IN SUGGESTING THAT THE LAWFUL ACTIONS OF THE ALLEGED VICTIMS DIMINISHED OR NEGATED THE [SELF-DEFENSE] CLAIM.

In reviewing the trial court's instruction on self-defense, the Superior Court opined, "where an accused raises the defense of self-defense under Section 505 of the Pennsylvania Crimes Code, the burden is on the Commonwealth to prove beyond a

reasonable doubt that the defendant's act was not justifiable self-defense." *Commonwealth v. McClendon*, 874 A.2d 1223, 1229-30 (Pa. Super. 2005)

The Commonwealth sustains this burden if it establishes at least one of the following: 1) the  accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety. *Id.* at 1230 (quoting *Commonwealth v. Yanoff*, 690 A.2d 260, 264 (Pa. Super. 1997), *appeal denied*, 548 Pa. 681, 699 A.2d 735 (1997)(internal quotation marks omitted).

The trial court's jury instruction on self-defense was as follows:

Justification is a defense if [Appellant] reasonably believed that his actions were necessary to avoid harm or evil to himself that was or would have been greater than the harm or evil to himself that was or would have been greater than the harm or evil with which the crime with which he is charged.  The Commonwealth has the burden of disproving the defense of justification. Thus, you may find [Appellant] guilty only if you are satisfied beyond a reasonable doubt that his conduct was not justified under the principles I have just set forth.

Justification is a defense to each of the charges.  The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force.  It is lawful for a corrections officer to use force to prevent suicide and prevent harm to an inmate either to himself, to another inmate, or to another corrections officer.  So the Commonwealth must prove beyond a reasonable doubt that the officer was acting in the performance of his duties and the force he used was lawful force.

*(Comm. of PA v. Williams*, No. 1791 MDA 2008, pp. 12-13).

17

After the jury asked the trial court to reiterate the definitions of the crimes charged,

the court instructed the jury again on self defense:

> Justification is a defense to all of the charges.  The use of force toward
> another person is justifiable when [Appellant] believed that such force is
> immediately necessary for the purpose of protecting himself against the use
> of unlawful force by another person.
> The Commonwealth must disprove justification beyond a reasonable
> doubt. [Appellant] must be protecting himself against unlawful force.  It
> is lawful force for a corrections officer, when acting within the course of
> his duties, to use force upon an inmate to prevent suicide, to prevent harm
> to the inmate, another corrections officer or another inmate.   The
> Commonwealth must prove beyond a reasonable doubt that the corrections
> officer was using force and acting in the course of his duties. ...

(*Id.* at 14).

The Superior Court pointed to the trial court's opinion and agreed with its

determination:

> [The court] also finds meritless [Appellant's] contention that counsel
> should have objected to our charge on self defense/justification...We find
> that our instructions were fair and adequate and accurately stated the law.
> We instructed the jury that justification is a defense to each of the charges
> and that it was the Commonwealth's burden to disprove the defense of
> justification.  Thus, trial counsel has no basis to object to the charge.

(*Id.* at 16).(internal citations omitted).

We also agree.  The Court addressed the essential elements of Petitioner's self-

defense claim, including the Commonwealth's burden of disproving Petitioner's claim.

The charge was not misleading or confusing.  Furthermore, we find that the Superior

18

Court's decision is not contrary to Supreme Court precedents or unreasonable application of Federal law.  Thus, Petitioner's allegations of trial court error do not have merit and we find that Petitioner's Ground Two habeas claim is without merit.

GROUND FOUR:   THE PENNSYLVANIA SUPREME COURT ERRED IN DENYING REVIEW OF SUPERIOR COURT'S ERROR IN AFFIRMING THE TRIAL COUNSEL'S FINDING THAT PRIOR COUNSEL WAS NOT UNCONSTITUTIONALLY INEFFECTIVE IN FAILING TO ADEQUATELY INVESTIGATE PETITIONER'S MENTAL CONDITION AND THE IMPACT THIS (AND THE OTHER NUMEROUS PSYCHIATRIC DRUGS PETITIONER WAS TAKING AT THE TIME OF THE INCIDENT IN QUESTION) HAD ON HIS COMPETENCE TO PROCEED TO TRIAL SINCE THE FAILURE OF PRIOR COUNSEL WAS NOT REASONABLE UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE, WHERE COUNSEL HAD FILED A MOTION TO DISMISS BASED ON PETITIONER'S "SEVERE MENTAL DISABILITY' WHICH PREVENTED HIM FROM BEING "HELD CRIMINALLY RESPONSIBLE" BUT THEN FAILED TO SEEK EXPERT PSYCHIATRIC OR PSYCHOLOGICAL ASSISTANCE TO PURSUE THIS CLAIM BECAUSE COUNSEL DID NOT BELIEVE PETITIONER'S MENTAL HEALTH WAS AN "ISSUE" IN THIS CASE.

Petitioner's Ground Four claim alleging Pennsylvania Supreme Court error is not cognizable as a federal habeas claim.  In conducting habeas review, a federal court is

19

limited to deciding whether a conviction violated the federal constitution or federal law. *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Federal habeas corpus review is not available for errors of state law. *Estelle*, 502 U.S. at 67. Petitioner is alleging Pennsylvania Supreme Court error in denying Petitioner review of his claims. "[F]ederal habeas corpus relief does not lie for errors of state law" and it is not within the federal court's scope "to reexamine state court determinations on state-law questions." *Id.*, 67-68. Petitioner's Ground Four Claim is simply not cognizable on habeas review, thus we recommend that it be dismissed.

## V.  Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus **(Doc. 6)** be dismissed.

*S/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

**Dated:  March 17 2015**

20

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WILLIAMS, | : | CIVIL ACTION NO. 1:13-CV-2140 |
| | : | |
| Petitioner | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| MICHAEL WENEROWICZ, et al, | : | |
| | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 17, 2015.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute  a waiver of any appellate rights.


*S/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**


**Dated: March 17, 2015**